IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAWN DAVIS, *et al.*, § § Plaintiffs, § § v. § § EK REAL ESTATE SERVICES OF § NY LLC, *et al.*, § § Defendants. § | Lead Case No. 3:21-cv-1593-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiffs Shawn Davis, Bobby Hayes, Tharasa Taylor-Hayes, Jose Navarrette, Norma Navarrette, Katherine Smith, David Bruce, Lester Shreffler, Cristina Felix, Monica Carter, and Ronnell Young's (collectively, the "Consolidated Plaintiffs") Motions for Entry of Default Judgment against Defendant EasyKnock, Inc. (ECF Nos. 67 and 72). "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). But when fewer than all defendants have defaulted, "judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants." *Falcon Ins. Co. v. Molina*, 2020 WL 5250545, at *1 (N.D. Tex. Sept. 3, 2020) (Starr, J.) (cleaned up); *see also Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022) ("When a case involves

multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant."); *Crum & Forster Specialty Ins. Co. v. Platero*, 2023 WL 7169554, at *3 (N.D. Tex. Oct. 31, 2023) (Scholer, J.) (declining to issue default judgment against defaulting defendant when it would risk a later inconsistent judgment as to other defendant litigating merits and defenses).

Here, even though the Clerk has entered a default against Defendant EasyKnock, *see* ECF No. 69, litigation is still ongoing with Defendants EK Real Estate Services of NY, LLC and LendingOne, LLC. The Court therefore should DENY WITHOUT PREJUDICE the Consolidated Plaintiffs' Motions for Entry of Default Judgment against EasyKnock, Inc. (ECF Nos. 67 and 72). The Consolidated Plaintiffs can move for default judgment again once there are no more litigating defendants in the case.

**SO RECOMMENDED.**

October 27, 2025.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).